IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY LYNN FISHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-672 |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

O R D E R

AND NOW, this 19th day of August, 2020, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 15) filed in the above-captioned matter on October 30, 2019,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 11) filed in the above-captioned matter on September 16, 2019,

IT IS HEREBY ORDERED that said Motion is GRANTED. Accordingly, this matter is hereby remanded to the Commissioner of Social Security ("Commissioner") for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.     Background**

Plaintiff Gary Lynn Fisher protectively filed a claim for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. §§ 1381-1383f, effective February 25, 2013, claiming that he became disabled on January 1, 2008, due to back trouble, leg problems, tendonitis, depression, and anxiety. (R. 21, 137-44, 179). After being denied initially on September 19, 2013, Plaintiff sought, and obtained, a hearing before an Administrative Law Judge ("ALJ") on March 13, 2015. (R. 35-69, 86-89, 90-92). In a decision dated April 27, 2015,

ALJ Karl Alexander denied Plaintiff's request for benefits.  (R. 20-31).  The Appeals Council declined to review the ALJ's decision on October 26, 2016.  (R. 1-3).  Plaintiff filed a timely appeal with the United States District Court for the Western District of Pennsylvania on December 19, 2016, at Civil No. 16-1884.  On February 8, 2018, the Honorable Donetta W. Ambrose remanded the case for further consideration.  (R. 371-77).

Upon remand, the Appeals Council vacated ALJ Alexander's decision and remanded the matter for a *de novo* review before an ALJ.  (R. 378-81).  The case was reassigned to ALJ Nikki Hall.  A second administrative hearing was held on March 26, 2019 (R. 298-342), and on April 8, 2019, ALJ Hall issued a decision again denying Plaintiff's claim for benefits.  (R. 282-91).  Plaintiff subsequently filed a timely appeal with this Court, and the parties have filed cross-motions for summary judgment.

## II.  Standard of Review

Judicial review of a social security case is based upon the pleadings and the transcript of the record.  See 42 U.S.C. § 405(g).  The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact.  See Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'" (quoting 42 U.S.C. § 405(g))); Schaudeck v. Comm'r of Soc. Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence).

"Substantial evidence" is defined as "'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate'" to support a conclusion.  Plummer v.

Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (quoting Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995)).  However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Kent v. Schweiker, 710 F.2d 110, 114 (3d Cir. 1983)).  "'Nor is evidence substantial if it is overwhelmed by other evidence— particularly certain types of evidence (e.g., that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion.'"  Id.

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period.  See Fargnoli v. Massanari, 247 F.3d 34, 38-39 (3d Cir. 2001).  "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'"  Id. at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability as defined by the Act.  See 20 C.F.R. § 416.920.  In Step One, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity.  See 20 C.F.R. § 416.920(a)(4)(i).  If so, the disability claim will be denied.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987).  If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment.  See 20 C.F.R. § 416.920(a)(4)(ii).  "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's]

physical or mental ability to do basic work activities." 20 C.F.R. § 416.922.  If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits.  If the claimant does have a severe impairment, however, the Commissioner must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment.  See 20 C.F.R. § 416.920(a)(4)(iii).  If a claimant meets a listing, a finding of disability is automatically directed.  If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

Step Four requires the ALJ to consider whether the claimant retains the residual functional capacity ("RFC") to perform his or her past relevant work, see 20 C.F.R. § 416.920(a)(4)(iv), and the claimant bears the burden of demonstrating an inability to return to this past relevant work, see Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994).  If the claimant is unable to resume his or her former occupation, the evaluation then moves to the fifth and final step.

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability.  See 20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the ALJ should consider the claimant's RFC, age, education, and past work experience.  See id.  The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled.  See 20 C.F.R. § 416.923.

### III.   The ALJ's Decision

In her April 8, 2019 decision, ALJ Hall, in applying the sequential evaluation process, found that Plaintiff had not been engaged in substantial gainful activity since the application

date, February 25, 2013. (R. 284). At Step Two, the ALJ found that Plaintiff had several medically determinable impairments, including mild to moderate degenerative disease of the lumbar spine with mild impingement on the traversing L5 nerve roots bilaterally; a history of coronary artery disease, status post stent in 2006; obesity; primary osteoarthritis of both knees; and reactive depression. (R. 284-85). However, she found that these impairments were not severe because they did not significantly limit Plaintiff's ability to perform basic work-related activity for 12 consecutive months. Accordingly, she denied the request for benefits at Step Two and found that Plaintiff was not disabled under the Act. (R. 285-91).

## IV. Legal Analysis

Plaintiff argues that the ALJ erred in finding him to be not disabled under the Act in two primary ways. First, he alleges that ALJ Hall failed to explain how she found his impairments to be non-severe in light of ALJ Alexander's earlier decision finding Plaintiff's mild to moderate degenerative disc disease of the lumbar spine and remote history of coronary artery disease status post stent to constitute severe impairments at Step Two of the sequential process. Plaintiff further argues that, in any event, the ALJ employed an overly stringent standard in denying his claim at Step Two. The Court agrees with Plaintiff's second argument and will remand the case for further consideration at Step Two and, if warranted, the remaining steps of the sequential process.

In order to meet the step two severity test, an impairment need only cause a slight abnormality that has no more than a minimal effect on the ability to do basic work activities. See S.S.R. 85-28, 1985 WL 56856 (S.S.A.); 20 C.F.R. § 416.922. The Third Circuit Court of Appeals has explained that Step Two is a *de minimus* screening device to dispose of groundless claims. See Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003); McCrea v.

5

Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004).  It is not clear that the ALJ applied this very lenient standard and, even assuming that she did apply the proper standard, substantial evidence does not support her analysis in dismissing the case at Step Two.

Given that Step Two constitutes only a *de minimus* threshold, it is generally not appropriate for an ALJ, in making the Step Two determination, to engage in the type of weighing and evaluation of the evidence employed here.  See Magwood v. Comm'r of Soc. Sec., 417 Fed. Appx. 130, 132–33 (3d Cir. 2008).  Here, as in Magwood, the record certainly contains some evidence that Plaintiff had significant limitations in his ability to do basic work activities, including a treating physician's opinion as to Plaintiff's functional limitations suggesting more restrictive limitations than those found by the ALJ.  While the ALJ addressed this evidence, the level of analysis in which she engaged is more appropriate at the later steps of the sequential process than in determining whether Plaintiff met the *de minimus* standard of Step Two.  See id. Given that the ALJ did not indicate that she was employing the proper *de minimus* standard, it is difficult for the Court to assume that she did based on the level of analysis in which she engaged.  It is also not clear that substantial evidence could support a finding that Plaintiff failed to meet Step Two under the proper standard.

The Third Circuit has cautioned that cases decided at Step Two "should be reviewed with close scrutiny." Perez v. Comm'r of Soc. Sec., 521 Fed. Appx. 51, 55 n.4 (3d Cir. 2013) (quoting McCrea, 370 F.3d at 360).  The ALJ's decision here cannot withstand such close scrutiny.  The Court will therefore remand this case for re-evaluation as to whether Plaintiff has met Step Two and, if necessary, evaluation of the remaining steps of the sequential process.[1]

---

[1]   The Court offers no specific opinion as to the degree to which the ALJ should consider the 2015 decision from ALJ Alexander in conducting the necessary analysis upon remand.

## V. <u>Conclusion</u>

In short, the Court finds that the ALJ's decision is not supported by substantial evidence. The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.

<u>s/Alan N. Bloch</u>
United States District Judge

ecf:	Counsel of record